**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RAUL VERGEL MARTINEZ,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. DLB-26-3140** |
| **ROBERT GAUDIAN, *et al.*,** | * | |
| **Respondents.** | * | |

**ORDER**

Upon consideration of the Petition for Writ of Habeas Corpus (the "Petition"), ECF 1, the Parties' Joint Notice, ECF 7, this Court's prior rulings in cases that do not materially differ from this one, *see, e.g.*, *Velasquez v. Noem, et al.*, No. 25-cv-3215-GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Villanueva Funes v. Noem, et al.*, No. 25-cv-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026); *Bautista Villanueva v. Bondi et al.*, No. 1:25-cv-04152-ABA, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Leal-Hernandez v. Noem, et al.*, No. 25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025)); and the reasoning of the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 24, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); and *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), no further briefing or a hearing is necessary.

Accordingly, it is this 13th day of August, 2026:

**ORDERED** that the Petition is **GRANTED IN PART**, insofar as the Petitioner is entitled to the relief set forth below; and **DENIED** as to any other further relief at this time; and it is further

**ORDERED** that the Court incorporates into the record of this case Respondents' arguments from the cases identified above; and it is further

**ORDERED** that:

a. Petitioner is detained under 8 U.S.C. § 1226(a), and Respondents are enjoined from detaining Petitioner under 8 U.S.C. § 1225(b);

b. Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), which shall be held within 14 days of the Petitioner's filing of a motion with the Immigration Court with meaningful consideration by the Immigration Judge of applicable, relevant factors;

c. The bond hearing may be conducted by any Immigration Judge having jurisdiction or administrative control over Petitioner's detention or having administrative control over Petitioner's immigration case or removal proceedings and need not take place in Maryland; but Petitioner must be present (in person or by video) and able to participate in the hearing;

d. If bond is granted and Petitioner is released, nothing in this Order precludes Respondents from imposing reasonable conditions of release;

e. If a bond hearing is not held within 14 days of the filing of a motion by Petitioner's counsel with the Immigration Court, Petitioner shall inform counsel for Respondents and file a status report with this Court;

f. Petitioner shall file a status report within 14 days of this Order;

g. Any request for attorney's fees and costs is denied; and it is further

**ORDERED** that this Court shall **RETAIN** jurisdiction to enforce compliance with this Order.

Deborah L. Boardman
United States District Judge